IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 112-176 |
| | ) | |
| MELVIN CHRISTOPHER CARTER | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, and the government states it has furnished Defendant with one DVD containing an electronic copy of the investigative file, video recordings, and other documents which are material to the case, excepting attorney and agent work product. (Doc. no. 184, p. 1.) All known statements by Defendant, as well as any criminal record for Defendant, have also been provided. (Id. at 1, 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant requests an order directing the government to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** this motion. (Doc. no. 178.) However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). This motion is **MOOT** (doc. no. 179) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

## MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant moves to disclose grand jury proceedings, including a transcript thereof. As the government states it produced the grand jury transcripts to defense counsel on January

6, 2017, the motion is **MOOT**.  (Doc. no. 180.)

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).  (Doc. no. 181.)  To some extent, Defendant's request exceeds the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment.  Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976).  The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known.  The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court.  There is no authority for the Court to grant an early release or disclosure of that material.  United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980).  Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury,

the government is **INSTRUCTED** to provide Jencks Act material fourteen days prior to trial. (Doc. no. 182.)

SO ORDERED this 31st day of January, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA